## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF THE CELLULAR TELEPHONE WITH ASSIGNED CALL NUMBER (207) 346-8307, WITH INTERNATIONAL MOBILE EQUIPMENT IDENTITY 356197684174034 | No. 2:24-mc-00464-KFW<br><br>**FILED UNDER SEAL** |

### APPLICATION FOR ORDER COMMANDING VERIZON WIRELESS NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF A SEARCH WARRANT AND REQUEST TO SEAL

The United States requests that the Court order Verizon Wireless not to notify any person (including the subscribers and customers of the account listed in search warrant docket number 2:24-mj-00397-KFW) of the existence of the warrant for 90 days, until March 20, 2025.

Verizon Wireless is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Pursuant to 18 U.S.C. § 2703, the United States obtained the above-referenced warrant, which requires Verizon Wireless to disclose certain records and information to the ATF. This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.*

In this case, such an order would be appropriate because the above-referenced search warrant relates to an ongoing criminal investigation that is not public, and the details of which are not known to the target of the investigation. Accordingly, there is reason to believe that notification of the existence of the above-referenced search

warrant will seriously jeopardize the investigation or unduly delay a trial, including by giving the target the opportunity to destroy or tamper with evidence, change patterns of behavior or flee prosecution. *See* 18 U.S.C. § 2705(b)(2), (3), (5).

For these reasons, the United States respectfully requests that the Court enter an appropriate Order directing Verizon Wireless not to disclose the existence or content of the search warrant until March 20, 2025, except that Verizon Wireless may disclose the above-referenced search warrant to an attorney for Verizon Wireless for the purpose of receiving legal advice.

The United States further requests that the Court order that this application and any resulting order be sealed until March 20, 2025. As noted above, these documents relate to an ongoing criminal investigation that is neither public nor known to the target of the investigation, and the disclosure of these documents could alert the target to the ongoing investigation. Good cause exists to seal these documents because their premature disclosure may jeopardize that investigation.

Dated: December 20, 2024

DARCIE N. MCELWEE
UNITED STATES ATTORNEY

_____
Shira Furman
Assistant United States Attorney
100 Middle Street
East Tower, 6th Floor
Portland, ME 04101
(207) 780-3257
Shira.Furman@usdoj.gov